MAYOR, ETC., OF CITY OF SAVANNAH et al. v. HOLST et al.

(Circuit Court of Appeals, Fifth Circuit. October 10, 1904.)

No. 1,394.

1. JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION—ENJOINING ENFORCEMENT OF INVALID ORDINANCE.

A municipal ordinance not passed in accordance with legislative authority is not a law of the state within the meaning of the prohibitions of the Constitution of the United States, and a suit to enjoin the enforcement of an ordinance alleged to have been passed in violation of the requirements of the state law presents no question arising under the Constitution, which confers jurisdiction on a federal court, on the ground that the enforcement of the ordinance will deprive complainants of property without due process of law.

Appeal from the Circuit Court of the United States for the Southern District of Georgia.

For opinion below, see 131 Fed. 931.

William Garrard and Alexander A. Lawrence (Wm. W. Osborne, on the brief), for appellants.

Walter G. Charlton and J. Ferris Cann, for appellees.

Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

SHELBY, Circuit Judge. The original bill in this case was filed by J. B. Holst and seven others, all citizens of Georgia, against the city of Savannah, a municipal corporation chartered under the laws of Georgia, and the Savannah Electric Company, a corporation organized and chartered under the laws of Georgia. Relief was prayed for by injunction. The Circuit Court granted a temporary injunction, and the decree taking jurisdiction of the case and granting the injunction is assigned as error.

The complainants being citizens of Georgia, and the defendant corporations, for purposes of jurisdiction, being considered citizens of that state also, the court below had no jurisdiction of the case by reason of the diverse citizenship of the parties. After a restraining order had been granted pursuant to the prayer of the bill, and after the defendants had answered, denying the jurisdiction of the Circuit Court, Emma L. Carrington was, on her petition asserting her interest in the suit and alleging that she was a citizen of New York, made a party complainant to the bill. The bill then presented a case in which eight citizens of Georgia and one citizen of New York, as co-complainants, were suing two Georgia corporations. The bill, as amended, was still amenable to the objection of want of jurisdiction so far as the same is based on citizenship, for the Circuit Court has not jurisdiction of a suit in which one of the plaintiffs and the defendants are citizens of the same state. Blake v. McKim, 103 U. S. 336, 26 L. Ed. 563. The claim on the part of the complainants that the Circuit Court had jurisdiction of the

¶ 1. Jurisdiction of cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.

case was clearly based on the assumption that the suit was one arising under the Constitution or laws of the United States. The jurisdiction cannot be maintained on this ground unless the suit involves a controversy as to the effect or construction of the Constitution or laws of the United States, upon the determination of which the result depends. "And it must appear on the record," said the court in Western Union Telegraph Company v. Ann Arbor Railroad Company, 178 U. S. 239, 20 Sup. Ct. 867, 44 L. Ed. 1052, "by a statement in legal and logical form, such as is required in good pleading, that the suit is one which does really and substantially involve a dispute or controversy as to a right which depends on the construction of the Constitution or some law or treaty of the United States before jurisdiction can be maintained on this ground." We are of the opinion that the record before us does not meet the requirements of this rule. It is true that the bill contains the general averment, found in many records where the jurisdiction has been denied, that the acts of the defendants sought to be enjoined "would deprive plaintiffs of their property rights without due process of law, and in contravention of the Constitution of the United States." This conclusion of the pleader is not controlling. We must look to the case made by the bill. The bill shows that the plaintiffs own lots fronting on Gwinnett street, in Savannah, and "have certain property rights" in Gwinnett street, "of which they have been in daily use"; that the electric company, one of the defendants, is proceeding to erect poles and string wires and lay tracks for the operation of its cars upon that street under the "pretended authority of a resolution passed by the mayor and aldermen of the city of Savannah." It is alleged that this resolution was passed at midnight, without giving the notice required by law, and that it was read but once, when the law required it to be read twice. It is then averred that the resolution is "illegal and void," and that it conferred no rights on the Savannah Electric Company. This laying of the tracks, etc., it is alleged, will damage each of the complainants $2,000, in this: that each will "practically be prevented from using the street in front of his property and his property rights therein will be destroyed and taken away." It is also alleged that the mayor and aldermen, in passing the resolution, acted under "assumed authority" from the state of Georgia, and as an agency of the state for governmental purposes.

It will be observed that the complainants elaborately show that the resolution was passed without notice, and without complying with the law—clearly referring to the state law—and that, therefore, the resolution is void, and that it conferred no authority on the electric company to lay its tracks on Gwinnett street. It is not alleged, or even asserted, in argument, that the Legislature of Georgia has passed any statute which conflicts with the Constitution or laws of the United States; nor is it alleged that it has conferred, or attempted to confer, on the mayor and aldermen of the city of Savannah the authority to enact such ordinances. The gravamen of the bill is that the city has passed a resolution void under the state law, and that the electric company is acting unlawfully under a claim of authority conferred by the resolution. The only reasonable construction that can be placed on the bill is that it asserts that the action of the municipal corporation is illegal and void

because it is contrary to the laws of the state of Georgia. That contention raises questions depending for their solution on the laws of Georgia. There is no construction of the federal Constitution involved in the inquiry as to whether the resolution in question is valid or void under the Georgia laws. The bill therefore presents no dispute about the construction of the Constitution or laws of the United States in any way. The question presented is as to the validity of the city's resolution, which is a matter of state law. McCain v. Des Moines, 174 U. S. 168, 19 Sup. Ct. 644, 43 L. Ed. 936. A municipal ordinance not passed under legislative authority is not a law of the state within the meaning of the prohibitions of the Constitution. Hamilton Gas Light Co. v. Hamilton City, 146 U. S. 258, 13 Sup. Ct. 90, 36 L. Ed. 963. The jurisdiction of the Circuit Court can be sustained, if at all, only on the ground that the construction and operation of the railway enjoined deprived the complainants of their property without due process of law, in violation of the fourteenth amendment. That amendment operates against deprivation by a state, and the bill here shows that what is done is without authority, and is illegal and void. It does not appear that the municipal corporation has acted under the authority of a Georgia law alleged to be violative of the Constitution. The case comes clearly, we think, within the principle stated in Barney v. The City of New York, 193 U. S. 430, 24 Sup. Ct. 502, 48 L. Ed. 737, where the Supreme Court held that the Circuit Court was without jurisdiction. If it be true, as alleged in the bill, that the mayor and aldermen have passed an ordinance which, under the laws of Georgia, they had no right to pass, and that the ordinance is void, and that the electric company is trespassing on the property of the complainants or interfering with their property rights under the authority seemingly conferred by the void ordinance, these wrongs undoubtedly confer a right of action on the plaintiffs. But unless it appears from the averment of facts in the bill in such form as is required by good pleading that the suit is one which involves a controversy as to a right which depends on the construction of the Constitution or some law of the United States, the jurisdiction cannot be maintained on that ground.

The temporary injunction is dissolved, the decree of the Circuit Court reversed, and the cause remanded.