(92 South. 143)

No. 25163.

**GULF, C. & S. F. RY. CO. et al. v. LOUISIANA PUBLIC SERVICE COMMISSION.**

(May 15, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Railroads** ⬩99(1)—**Authority of Commission not limited to relations with shippers and passengers.**

Const. 1921, art. 6, § 4, providing that the Public Service Commission shall have power and authority to supervise, govern, regulate, and control common carrier railroads, does not limit its powers to the regulation of relations existing between railroads, on the one side, and shippers and passengers, on the other, but extends to the railroad's relations to the general public.

2. **Railroads** ⬩99(5)—**Public Service Commission authorized to require overhead crossing.**

Under Const. 1921, art. 6, § 4, relative to the powers of the Public Service Commission,

section 9, rendering existing acts relating to the Railroad Commission applicable, and Act No. 132 of 1918, relative to the powers of the Railroad Commission, the Public Service Commission had authority to order the construction of an overhead crossing at a public highway.

3. **Railroads** ⬩99(1)—**Order for overhead crossing not unreasonable.**

Where the main trunk line of an important highway being constructed under the plans of the state highway department with federal aid, available only on condition that an overhead crossing be constructed, crossed railroad tracks near a deep cut, making trains invisible, except under favored conditions, until vehicles were either on, or dangerously near, the crossing, an order of the Public Service Commission requiring the railroad to construct an overhead crossing was not unreasonable.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Suit by the Gulf, Colorado & Santa Fé Railway Company, and others against the Louisiana Public Service Commission. From a judgment sustaining an order of the Commission, plaintiffs appeal. Affirmed.

See, also, 149 La. 783, 90 South. 195.

Pujo & Bell, of Lake Charles, for appellants.

W. M. Barrow, Asst. Atty. Gen., for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

LECHE, J. The Railroad Commission of Louisiana, now known as the Louisiana Public Service Commission, on the complaint of and at the request of the police jury of the parish of Beauregard, and after due trial and hearing issued the following order:

"Railroad Commission of Louisiana Order No. 2416.

"Police Jury of Beauregard Parish v. Gulf, Colorado & Santa Fé Ry. Co.

"In re Overhead Crossing in Beauregard Parish.

"This is a proceeding which was filed with the Commission on January 21, 1921, under the provisions of Act 132 of 1918, which deals with

the question of highway crossings over the lines of common carriers. A copy of the complaint and petition was properly served on the defendant, and the case heard at a session of the Commission held in Baton Rouge on April 26, 1921, all parties being represented at this hearing and the testimony taken.

"The crossing in question is on the main trunk line of the De Ridder-Lake Charles highway, now under construction. This road is one of the most important under way, and ultimately, on the completion of the various units now being built, will be the main north and south highway of the western part of the state, connecting Lake Charles and Shreveport.

"The plans of the state highway department, under whose jurisdiction and control the road is being built, call for an overhead crossing at the point where this road intersects the line of the defendant. The road is being built with federal aid, and it is shown by the testimony that this aid was only available on the condition that an overhead crossing be constructed at this point. The testimony also shows that for some distance this road parallels the line of defendant and crosses the tracks at or near a point where the tracks emerge from a deep cut, the character of this cut being such that trains are not visible, except under favored conditions, from any point on the road until vehicular traffic is either on or so near the crossing as to render the situation hazardous. The defendant urges that there is a grade crossing near by which could be reasonably utilized, but this does not seem to be practicable. The Commission is of the opinion that the relief sought is reasonable and proper, and an appropriate order will be entered. It is therefore ordered that the Gulf, Colorado & Santa Fé Railway Company be, and it is hereby, commanded and required to construct an overhead crossing at that point, in the parish of Beauregard, state of Louisiana, where the De Ridder-Lake Charles highway intersects its line of railroad, in accordance with the plans and specifications approved by the state highway department of Louisiana, on file in this proceeding, a copy of which has been furnished said defendant.

"By order of the Commission, Baton Rouge, La., June 1, 1921."

The present appeal was taken by plaintiff from an adverse judgment maintaining the legality and reasonableness of the foregoing order.

The contention of plaintiff is that the jurisdiction of the Public Service Commission is limited to the service of common carriers as such, and does not extend to the control or supervision of public roads of the state, their location, construction, or otherwise. It cites as authority section 4 of article 6 of the Constitution of 1921. It further contends that the powers given the Railroad Commission by Acts 132 of 1918 are inconsistent with the above cited section of the Constitution of 1921, and ceased with the adoption of that Constitution.

[1, 2] The section 4 referred to is, in part, as follows:

"The Commission shall have and exercise all necessary power and authority to supervise, govern, regulate and control all common carrier railroads," etc.

To hold that the words "supervise, govern, regulate and control" refer only to the relations existing between railroads, on one side, and shippers and passengers, on the other, as we understand plaintiff's contention to be, would in our opinion restrict the power and authority of the Commission within unreasonable limits, and affect its efficiency to an extent never intended by the Constitution. So careful were the framers of our organic law that, in order to preserve all the powers which the Commission had previously exercised as a Railroad Commission, they adopted section 9 of the same article, in which:

"All laws enacted by the General Assembly of the state of Louisiana since the adoption of the Constitution of 1898, and in effect at the time of the adoption of this Constitution, affecting, concerning, or relating to the Railroad Commission of Louisiana, not inconsistent with any of the provisions hereof, shall be construed as referring and applying to the Louisiana Public Service Commission, and nothing in this Constitution shall be construed as in any manner impairing or affecting such laws."

At the time of the adoption of the Constitution of 1921 there was a law enacted by the General Assembly of Louisiana, Act 132 of 1918, which specially authorized the Railroad Commission of Louisiana to exercise

jurisdiction over the subject-matter involved in this controversy, and, in the words of section 9, above quoted, nothing in the Constitution of 1921 "shall be construed as impairing or affecting" said Act 132 of 1918.

Nor do we believe that the Act of 1918 and the order adopted by the Commission by virtue of said act on June 1, 1921, in regard to the public crossing over the tracks of plaintiff, is an attempt to exercise control or regulation of public highways by the Commission. It is, on the contrary, the exercise of control and regulation over the railroad company as intended by section 4 of article 6 of the Constitution, in its relations with the general public represented by the police jury of Beauregard parish and the State Highway Commission.

[3] The facts stated in the order of the Railroad Commission are supported by the evidence in the record, and, considering the great importance of the highway under construction and the necessity of making it safe for persons and property moving on this highway, we find nothing unreasonable in the order of the Commission in contest.

For these reasons, the judgment appealed from is affirmed at the cost of plaintiffs and appellants.