LOUISIANA PUBLIC SERVICE COMMISSION, ET AL. v. MORGAN'S LOUISIANA & TEXAS RAILROAD & STEAMSHIP COMPANY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 421. Argued March 5, 6, 1924.—Decided April 7, 1924.

1. Under the Louisiana Constitution of 1921, Art. XIV, § 22, the general control of its own streets is an ordinary governmental function of the City of New Orleans. P. 399.

2. The Louisiana Constitution of 1921 did not invest the State Public Service Commission with such control over streets within

New Orleans that it may compel a railroad company to repair and keep up a street viaduct constructed over its tracks by the city under a contract which granted that right to the city without expropriation or compensation upon the express condition that the city should pay the cost of the erection and subsequent maintenance of the viaduct. P. 399.

287 Fed. 390, affirmed.

APPEAL from a decree of the District Court enjoining the appellants from enforcing an order requiring the appellee railroad company (plaintiff below) to repair a viaduct over its tracks.

*Mr. W. M. Barrow,* with whom *Mr. A. V. Coco,* Attorney General of the State of Louisiana, was on the brief, for appellants.

*Mr. Henry H. Chaffe,* with whom *Mr. George Denegre, Mr. Victor Leovy, Mr. Harry McCall* and *Mr. Jas. Hy. Bruns* were on the brief, for appellee.

*Mr. Ivy G. Kittredge,* by leave of Court, filed a brief on behalf of the City of New Orleans, as *amicus curiae,* asserting its jurisdiction over the subject matter in question.

Mr. JUSTICE McREYNOLDS delivered the opinion of the Court.

March 29, 1923, the appellant Commission issued an order which directed—

" That within fifteen days from the date of this order the Morgan's Louisiana and Texas Railroad and Steamship Company shall commence to repair and put in a safe and suitable condition for vehicular and other traffic, such repairs to be completed within a reasonable time thereafter, the existing viaduct over, above and across the properties of the said Morgan's Louisiana and Texas Railroad and Steamship Company in the Fifth Municipal

District of the City of New Orleans, known as Algiers, within the limits of the said property, which connects the two ends of Newton Street, and thereafter to maintain the same in a safe and suitable condition. This order shall become effective at once."

By an original bill filed in the court below appellee challenged the validity of the order because beyond the power of the Commission; and, if within such power, enforcement would deprive the Company of property without due process of law and impair the obligation of its contract with the City of New Orleans, contrary to the Federal Constitution. The allegations are sufficient to bring the controversy within the court's jurisdiction and empowered it to determine questions of both state and federal law. *Greene* v. *Louisville & Interurban R. R. Co.*, 244 U. S. 499, 508. A special court of three judges, Jud. Code, § 266, heard the issues, held the Commission lacked power to make the order and directed an interlocutory injunction. See 287 Fed. 390. The cause is here by direct appeal.

In 1878 the appellee Railroad Company acquired title to certain land now in New Orleans, fronting 375 feet on the Mississippi River and extending back 4,000 feet, and for forty years has held it under fence. Twenty tracks laid thereon are in constant use. During 1904 the City offered to sell the right to operate a street railway over this property, subject to part payment of the cost of constructing and the entire cost of maintaining the essential viaduct, which the City agreed to provide. This franchise was duly adjudicated, and in 1905 appellee, by definite contract, granted to the City the right to construct the present viaduct over its property at Newton Street, upon the express condition that the grantee should pay for both erection and subsequent maintenance. Under this contract, and not otherwise, without expropriation of the right of way by the public or compensation to the land

owner, the structure was erected. It is 2,000 feet long and extends several hundred feet on either side of appellee's land. For many years the street railway operated over its entire length. Finally, the portion over appellee's tracks fell into disrepair and both City and street railway company failed to restore it. Finding this situation, appellant issued the order copied above.

Art. VI, Louisiana Constitution of 1921 provides—

" Section 4. The Commission shall have and exercise all necessary power and authority to supervise, govern, regulate and control all common carrier railroads, street railroads . . . and other public utilities in the State of Louisiana, and to fix reasonable and just single and joint line rates, fares, tolls or charges for the commodities furnished, or services rendered by such common carriers or public utilities, except as herein otherwise provided.

" The power, authority, and duties of the Commission shall affect and include all matters and things connected with, concerning and growing out of the service to be given or rendered by the common carriers and public utilities hereby, or which may hereafter be made subject to supervision, regulation and control by the Commission. . . ."

" Section 9. Until otherwise provided by the Legislature, all laws enacted by the General Assembly of the State of Louisiana since the adoption of the Constitution of 1898, and in effect at the time of the adoption of this Constitution, affecting, concerning, or relating to the Railroad Commission of Louisiana, not inconsistent with any of the provisions hereof, shall be construed as referring and applying to the Louisiana Public Service Commission, and nothing in this Constitution shall be construed as in any manner impairing or affecting such laws."

The Commission claims that the power which it undertook to exercise is conferred by these sections and that the Supreme Court of the State so held in *Gulf, C. & S. F.*

*Ry. Co.* v. *Louisiana Public Service Commission,* 151 La. 635.

The court below entertained another view of the constitutional grant and of the opinion relied upon. We think the conclusion which it reached is correct; and its decree must be affirmed.

Article 284, Louisiana Constitutions of 1898 and 1913—

" The power and authority is hereby vested in the Commission [Railroad, Express, Telephone, Telegraph, Steamboat and other Water Craft, and Sleeping Car Commission, created by Art. 283], and it is hereby made its duty to adopt, change or make reasonable and just rates, charges and regulations, to govern and regulate railroad, steamboat and other water craft, and sleeping car, freight and passenger tariffs and service, express rates, and telephone and telegraph charges, to correct abuses, and prevent unjust discrimination and extortion in the rates for the same, on the different railroads, steamboats and other water craft, sleeping car, express, telephone and telegraph lines of this State, and to prevent such companies from charging any greater compensation in the aggregate for the like kind of property or passengers, or messages, for a shorter than a longer distance over the same line, unless authorized by the Commission to do so in special cases; to require all railroads to build and maintain suitable depots, switches and appurtenances, wherever the same are reasonably necessary at stations, and to inspect railroads and to require them to keep their tracks and bridges in a safe condition, and to fix and adjust rates between branch or short lines and the great trunk lines with which they connect, and to enforce the same by having the penalties hereby prescribed inflicted through the proper courts having jurisdiction. . . ."

By Act 132 of 1918 the General Assembly of Louisiana directed " that the powers and duties of the Railroad

Commission of Louisiana are hereby added to and· enlarged; and the power and authority is hereby vested in the said Commission, and it is hereby made its duty to require the owner, possessor or operator of any railway, railroad, tram road, log road, transportation, irrigation or drainage canal or syphon, crossing any public road already constructed or which may hereafter be constructed, to construct and maintain a suitable and convenient crossing over such public road, the said crossing to extend to the limits of the right of way, or fifty feet from the center of such railway, railroad, tram road, log road, transportation, irrigation or drainage canal or syphon, in accordance with the standard specifications furnished by the State Highway Department of· the Board of State Engineers in respect to such crossings." The act further empowered the Railroad Commission to require such crossings upon proper certificates of the police juries in the respective parishes.

The broad language of Art. 284, Constitutions of 1898 and 1913, was not regarded as sufficient to empower the Railroad Commission to require carriers to construct public crossings over their lines. To meet this situation and provide relief in the parishes the Act of 1918 was passed; and it was an order issued under this act which the Supreme Court sustained in *Gulf, C. & S. F. Ry. Co.* v. *Louisiana Public Service Commission.*

Art. XIV, § 22, Louisiana Constitution of 1921—

" The electors of the City of New Orleans and of any political corporation which may be established within the territory now, or which may hereafter be embraced within the corporate limits of said city, shall have the right to choose their public officers. This section shall not prohibit . . . nor shall it be construed as restricting the police power of the State, or as prohibiting the Legislature from appointing, or authorizing the appointment of, any board or commission with full au-

thority in the City of New Orleans other than that of controlling the ordinary governmental functions of municipal government."

Unless and until otherwise advised by the Supreme Court of Louisiana, we must conclude that the general control of its own streets is an ordinary governmental function of the City of New Orleans.

It would require more definite language than we find in the Constitution of 1921 or in *Gulf, C. & S. F. Ry. Co.* v. *Louisiana Public Service Commission* to convince us that the Commission has power to assume control over all those streets within New Orleans which approach or cross railroad tracks, and to disregard the solemn contracts of the municipality with respect thereto. That the liability which the Commission has undertaken to impose upon appellee conflicts with the contract under which the latter granted permission to construct the viaduct over its property, is not denied. Only very clear and definite words would suffice to show that the State had undertaken to authorize a thing so manifestly unjust and oppressive.

*Affirmed.*