## EAST ST. LOUIS RY. CO. v. CITY OF EAST ST. LOUIS et al.

(District Court, E. D. Illinois. August 9, 1926.)

### No. 35–D.

1. Constitutional law ⬉206(1), 254.

Acts of municipal corporation within purview of authority granted are acts of the state within prohibitions of Const. Amend. 14; it being an arm of the state.

2. Injunction ⬉85(2).

Enforcement of confiscatory ordinance, adopted by municipal corporation under authority granted, may be enjoined as act of state in contravention of Const. Amend. 14.

3. Injunction ⬉85(2).

City's adoption of ordinance not authorized by power granted is not act of state, and enforcement thereof cannot be enjoined as in violation of Const. Amend. 14.

4. Courts ⬉282(3)—Suit to enjoin enforcement of city ordinance alleged to have been adopted without authority held not within cognizance of federal court (Const. Amend. 14).

Suit to enjoin enforcement of city ordinance, requiring removal of street railways over certain streets, wherein it was alleged that authority of city to enact such ordinance had been repealed by state Public Utilities Acts, and that city had no power to adopt ordinance, held not within cognizance of federal court as involving violation of Const. Amend. 14, the ordinance, if unauthorized as alleged, not being an act of the state.

In Equity. Suit by the East St. Louis Railway Company against the City of East St. Louis and others. On motion to dismiss. Motion granted, and decree in accordance with opinion.

J. L. Flannigen, of East St. Louis, Ill., and B. P. Alschuler, R. C. Putnam, and G. T. Johnson, all of Aurora, Ill., and G. A. Huebner, for plaintiff.

R. V. Gustin, Corporation Counsel, Martin Drury, City Atty., and Charles A. Karsh, all of East St. Louis, Ill., for defendants.

Francis X. Busch, Corporation Counsel, and James J. Coughlin and C. Morton Doty, Asst. Corporation Counsel, all of Chicago, Ill., as amici curiæ.

LINDLEY, District Judge. The plaintiff filed its bill against the defendants, the

city of East St. Louis and certain commissioners thereof, alleging that as a public utilities corporation, organized under the laws of Illinois, by virtue of a franchise granted by ordinance of the city of East St. Louis on the 3d day of February, 1903, it obtained permission and authority to construct and operate its system of street railways over certain streets, including Third street, in the city of East St. Louis, for a period of 20 years; that the ordinance by its terms expired on February 3, 1923; that on May 3, 1926, the city adopted an ordinance directing the removal of the said street railway track; that the defendants claim that plaintiff has no authority to maintain its tracks or operate its cars on Third street, the original franchise ordinance having expired; that the city claims the right to prohibit the operation of the cars and cause the tracks to be removed under and by virtue of certain laws of the state of Illinois, being the grant by the state Legislature to the city of municipal power to control the streets and the use of the same; that plaintiff claims that its tracks are lawfully in the street and that the city has no right to remove the same or order the same removed, for the reason that the Public Utilities Acts of Illinois have vested in the Illinois Commerce Commission the exclusive control and jurisdiction of the plaintiff and its public operations; that the Utilities Acts impliedly repeal those portions of the City and Village Acts upon which the city relies in asserting its power to adopt the ordinance now complained of; that the municipality has thus been divested of the power under which it asserts the validity of the ordinance, attempting to force plaintiff to take up said track; that plaintiff has the full right and authority to keep and maintain its tracks and to operate its cars thereover until the said Illinois Commerce Commission shall lawfully order to the contrary; that the defendants threaten forcibly to remove the tracks; that such threatened action will be in contravention of the Fourteenth Amendment of the Constitution of the United States and deprive the plaintiff of its property without due process of law because the city is without power so to act; that other parts of plaintiff's system are being operated in connection with the said Third street line under proper franchise ordinances, and that the enforcement of the alleged ordinance will seriously hamper the service rendered under such ordinances, and the public safety and convenience be jeopardized; that the threatened action will cause irreparable damage to plaintiff, the city of East St. Louis being insolvent and incapable of responding in damages.

The bill prays that the defendants be enjoined from removing the said tracks in said Third street and from interfering with the operation of the cars of plaintiff on said tracks. A temporary injunction has been issued, and the defendants now move to dismiss the bill upon the ground, first, that the court has no jurisdiction of the cause, as no federal question is involved; and, second, that, if the court has jurisdiction, under the Constitution and laws of the state of Illinois, the city of East St. Louis has full and exclusive power and authority to adopt the ordinance complained of and to enforce its provisions.

The Fourteenth Amendment to the Constitution of the United States provides that "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law."

[1, 2] It is apparent that the prohibitions of the amendment are directed against state action. The city of East St. Louis is a municipal corporation organized under the laws of the state of Illinois. It is an arm of the state, and its acts, within the purview of the authority granted to it by the statutes, are the acts of the state. Reagan v. Farmers' Loan & Trust Co., 154 U. S. 362, 14 S. Ct. 1062, 38 L. Ed. 1031. If, in pursuance of its authority granted by the Legislature, it adopts an ordinance confiscatory in character, that ordinance becomes the act of the state, and, upon complaint of the party suffering such confiscation, may be enjoined as an act of the state, in contravention of the powers granted to the federal government by the states in the Fourteenth Amendment. Home Tel. & Tel. Co. v. Los Angeles, 227 U. S. 278, 33 S. Ct. 312, 57 L. Ed. 510.

[3] If the city adopts an ordinance which is not authorized under the granted power of the state Legislature, such act is not the act of the state and cannot be enjoined because of violation of the Fourteenth Amendment, but may be declared void by the proper tribunals of the state in a proper cause brought for such purpose. Barney v. N. Y., 193 U. S. 429, 24 S. Ct. 502, 48 L. Ed. 737.

The contention of the plaintiff is that the city of East St. Louis had no power to adopt the ordinance in question, for the reason that the acts of the Legislature upon which it relies have been repealed by the Public Utili-

ties Acts of Illinois, and that these latter acts have vested the power to act in the Illinois Commerce Commission, to the exclusion of the city of East St. Louis. The plaintiff represents further, however, that the city insists that it still has the power to act, for the reason, as it alleges, that its grant of authority has not been repealed by the Public Utilities Acts, and that jurisdiction and power to act in the premises has not by said latter acts been vested in the Commission, but remains in the city by virtue of the granted power under earlier acts of the Legislature; that the city adopted said ordinance under a supposed right so to do and in pursuance of its supposed power, that is, its grant of authority under earlier acts; and asserts, as a proposition of law, that the city of East St. Louis, by claiming to act under a grant of power from the state of Illinois, is acting as an agency of the state, and thus brings its acts within the inhibitions of the Fourteenth Amendment. It is this color of title, this supposed right of power, alleged to be void, which the plaintiff insists gives the court jurisdiction, on the ground that a city and its officers, acting under color of right as an agency of the state, come within the provisions of the amendment. Plaintiff admits that, if there be no color of right, that if the act of the city be plainly beyond its municipal power, it may not and does not bind the state, and is not within the provisions of the amendment.

[4] In the opinion of the court, plaintiff's position cannot be maintained. In the case of Barney v. City of New York, 193 U. S. 430, 24 S. Ct. 502, 48 L. Ed. 737, the court held that the averment in a bill to enjoin the construction of a rapid transit railroad tunnel under a city street, that, by such construction, complainant as an abutting owner, is deprived of his property without due process of law, does not bring the case within the jurisdiction of a federal Circuit Court, where the bill, on its face, proceeds upon the theory that the action sought to be enjoined was forbidden by state legislation. The court said: "Controversies over violations of the laws of New York are controversies to be dealt with by the courts of the state. Complainant's grievance was that the law of the state had been broken, and not a grievance inflicted by action of the legislative or executive or judicial department of the state; and the principle is that it is for the state courts to remedy acts of state officers done without the authority of or contrary to state law." The court proceeds further by saying:

"There are many cases in this court involving the application of the Eleventh Amendment which draw the distinction between acts of public officers virtute officii, and their acts without lawful right, colore officii; and in Pennoyer v. McConnaughy, 140 U. S. 1 [11 S. Ct. 699, 35 L. Ed. 363], Mr. Justice Lamar defined the two classes to be those brought against officers of the state as representing the state's action and liability, and those against officers of the state when claiming to act as such without lawful authority."

To be sure the court there declared that the act complained of was forbidden by state legislation, but it will be observed that plaintiff claims in the present case that the ordinance complained of is forbidden by the Utilities Acts and is therefore void. Such contention indeed is its sole ground for assertion of confiscation.

This case was followed in Glucose Refining Co. v. Chicago (C. C.) 138 F. 211, denying federal jurisdiction over a suit to enjoin enforcement of a city ordinance alleged to have been passed in excess of charter powers; Farson v. Chicago (C. C.) 138 F. 186, denying preliminary injunction in suit to restrain enforcement of city ordinances licensing chauffeurs, alleged to be void on ground that city had no power to pass same; City of Savannah v. Holst, 132 F. 903, 65 C. C. A. 449, denying federal jurisdiction over suit to enjoin enforcement of a city ordinance alleged to have been passed in violation of the requirements of the state law; City of Memphis v. Cumberland Tel. & Tel. Co., 218 U. S. 630, 31 S. Ct. 115, 54 L. Ed. 1187, holding suit to enjoin a municipal ordinance fixing telephone rates, asserted to have been adopted without power so to do, is not within federal jurisdiction; Seattle Electric Co. v. Seattle, etc., Ry. Co., 185 F. 372, 107 C. C. A. 421, holding bill to enjoin city council from issuing second franchise on the ground it had no power so to do, is not within federal jurisdiction; Risley v. City of Utica (C. C.) 179 F. 882, holding suit to enjoin taxes levied under illegal municipal contract was not within federal jurisdiction; City of Louisville v. Cumberland Tel. & Tel. Co., 155 F. 729, 84 C. C. A. 151, 12 Ann. Cas. 500, refusing to entertain bill to enjoin enforcement of ordinance fixing telephone rates, on the ground that the ordinance was not authorized by the state laws.

Plaintiff insists that the case of Barney v. New York does not control here, in view of its criticism by the Supreme Court in Home Telephone & Telegraph Company v. Los

Angeles, 227 U. S. 278, 33 S. Ct. 312, 57 L. Ed. 510. But the court in the latter opinion merely distinguished the Barney Case from the one then before it. In the Home Telephone Case the bill alleged that the city had authority to regulate telephone rates but that the rate fixed was confiscatory. The defense was that, if the ordinance was confiscatory, it was expressly prohibited by the state Constitution, providing that no person shall be deprived of property without due process of law, and that therefore the act of the city could not be held to be the authorized act of the state. The defense was overruled on the ground that an act of the agency of the state, which resulted in confiscation, should not be exempt from federal complaint merely because the Constitution of the state itself forbade such confiscation. This is an entirely different question, as shown by the language of the court: "The proposition addresses itself, not to the mere distribution of the judicial power granted by the Constitution, but substantially denies the existence of power under the Constitution over the subject with which the proposition is concerned. It follows that the limitation which it imposes would be beyond possible correction by legislation. Its restriction would, moreover, attach to the exercise of federal judicial power under all circumstances, whether the issue concerned original jurisdiction or arose in the course of a controversy to which otherwise jurisdiction would extend. Thus, being applicable equally to all federal courts under all circumstances in every stage of a proceeding, the enforcement of the doctrine would hence render impossible the performance of the duty with which the federal courts are charged under the Constitution. Such paralysis would inevitably ensue, since the consequence would be that, at least in every case where there was a coincidence between a national safeguard or prohibition and a state one, the power of the federal court to afford protection to a claim of right under the Constitution of the United States, as against the action of a state or its officers, would depend on the ultimate determination of the state courts, and would therefore require a stay of all action to await such determination."

If in the case now before the court the complaint were that the present ordinance was adopted by an agency having authority to act for the state, and that the ordinance amounted to confiscation, the mere fact that such confiscation is forbidden by the Illinois Constitution would not deprive the federal

court of its jurisdiction. The city of Los Angeles was acting under express statutory authority in fixing telephone rates, and the contention of the defendant was merely that the federal court should not take jurisdiction until the state Supreme Court had first held the ordinance to be valid under the state Constitution. There the wrong complained of could not be cured by the state legislative action. Here it might be so corrected and remedied. In the Home Telephone Company Case, the court says: "The settled construction of the amendment is that it presupposes the possibility of an abuse by a state officer or representative of the powers possessed and deals with such a contingency. It provides, therefore, for a case where one who is in possession of state power uses that power to the doing of the wrongs which the amendment forbids, even although the consummation of the wrong may not be within the powers possessed, if the commission of the wrong itself is rendered possible or is efficiently aided by the state authority lodged in the wrongdoer. That is to say, the theory of the amendment is that, where an officer or other representative of a state, in the exercise of the authority with which he is clothed, misuses the power possessed to do a wrong forbidden by the amendment, inquiry concerning whether the state has authorized the wrong is irrelevant, and the federal judicial power is competent to afford redress for the wrong by dealing with the officer and the result of his exertion of power. To speak broadly, the difference between the proposition insisted upon and the true meaning of the amendment is this, that the one assumes that the amendment virtually contemplates alone wrongs authorized by a state and gives only power accordingly, while in truth the amendment contemplates the possibility of state officers abusing the powers lawfully conferred upon them by doing wrongs prohibited by the amendment."

In the present case plaintiff insists that the city had no grant of power to pass the ordinance, and that such act constitutes the wrong complained of. The passage of the ordinance is alleged to be a wrong against the state; not a wrong committed by state authority.

In the City of Memphis v. Cumberland Telephone and Telegraph Co., 218 U. S. 624, 31 S. Ct. 115, 54 L. Ed. 1187, the court followed the Barney Case, and said: "So, in the present case, the statements of the bill are clear and distinct that the passage of the ordinance was without power, and a

usurpation on the part of the city"—citing Harbinson v. Knoxville Iron Co., 103 Tenn. 421, 53 S. W. 955, 56 L. R. A. 316, 76 Am. St. Rep. 682. In Louisville v. Cumberland Telephone & Telegraph Co., 155 F. 725, 84 C. C. A. 151, 12 Ann. Cas. 500, the claim that the jurisdiction should be sustained because the common council of the city of Louisville has assumed to act under authority of the Legislature of the commonwealth of Kentucky, as averred in the bill, was answered by the court saying that the existence of such regulating power was distinctly negatived by the allegation of the bill that the city had acted in the premises wholly without authority. The bill averred that the council assumed and claimed to have been given authority by the Legislature to regulate the charges. The court then commented as follows: "Counsel says this shows that the city council acted under color of authority and should save the jurisdiction. * * * That the common council 'assumed' and 'claimed' to have the power to do what it did do is self-evident. The enactment of the ordinance is in itself, and from any point of view, an assumption and claim of right to do what it did. This averment is therefore far from an averment that the common council was exercising a power of regulation conferred by the state. To make it clear that it had no general regulating power over such companies, and that it was acting outside of any such delegated regulating power, the clause relied upon now as asserting that the city council did act by authority of the state was followed by the distinct averment, above referred to, that the council acted wholly without any authority from the state. This makes an issue under the law of the state. If the fact be that no provision of the state Constitution, or of state law, or of the municipal charter, delegates the state power in respect to the regulation of the charges of telephone companies rendering services within the city of Louisville, the ordinance is void as ultra vires, and its enactment did not violate any prohibition of the Constitution of the United States, because not enacted in pursuance of any state authority."

.The situation in the present case is very nearly the same. Here plaintiff complains that the city of East St. Louis has assumed to act under authority received from the Legislature, but the bill negatives the existence of such authority by the allegation that the utilities acts have repealed the prior acts.

Memphis v. Cumberland Co. was followed in City & County of San Francisco v.

United Railroads, 190 F. 511, 111 C. C. A. 339, where it was held that a bill alleging the city's action in authorizing construction of municipal tracks for more than five blocks in same street as tracks of United Railroad was violation of such company's franchise and of section 499, Cal. Civil Code, did not show state action sufficient to sustain federal jurisdiction. There the court said: "When it comes to the question whether the ordinance of a municipality is or is not legislation by the state, there can be no difference between an ordinance which has been enacted ultra vires and an ordinance which has been enacted in violation of a general statute of the state which prohibits the precise and specific act which is done by the ordinance. In neither case is the ordinance state action, for in both cases it is void under the state law. Whether or not the ordinances complained of here would in fact, if carried out, have the effect to impair the obligation of the appellee's contract, we do not undertake to decide. What we hold is that the averments of the bill itself exclude the case from the cognizance of a federal court as a case arising under the Constitution of the United States by alleging that the very ordinances which the appellee relies upon as constituting a violation of its contract have been enacted in violation of the positive law of the state." See, also, Palestine Co. v. Palestine (D. C.) 1 F. (2d) 349; Shanks v. Banting Co. (D. C.) 9 F.(2d) 116.

In the latter case the court said: "In all cases, so far as we have been permitted to consider them, in which jurisdiction was maintained in a federal court of first instance, without requiring diversity of citizenship, the state, acting through one of its agencies, followed the course of its own legislation, exercising a discretion as to the interpretation and application of such legislation, and the criterion existed that it was the state acting within its own authority which was contravening the Fourteenth Amendment."

The language of the Supreme Court in Owensboro Co. v. Owensboro, 200 U. S. 38, 26 S. Ct. 249, 50 L. Ed. 361, is peculiarly applicable to the present case. The court said: "The utmost that can be said of the present case, as disclosed by the bill, is that the municipal authorities of Owensboro have done some things outside or in excess of any power the city possessed. But this does not of itself show that they acted without the due process of law enjoined by the Fourteenth Amendment; for, if what is complained of

had been done directly by the state or by its express authority, or if the Legislature could legally ratify that which the city has done, as it undoubtedly might do, no one would contend that there had been a violation of the due process clause of the amendment. It cannot be that the acts of a municipal corporation are wanting in the due process of law ordained by the Fourteenth Amendment, if such acts when done or ratified by the state would not be inconsistent with that amendment. Many acts done by an agency of the state may be illegal in their character, when tested by the laws of the state, and may, on that ground, be assailed, and yet they cannot, for that reason alone, be impeached as being inconsistent with the due process of law enjoined upon the states."

So here admittedly the state might properly ratify the act complained of and thus remove the objection that the ordinance was passed without authority.

Plaintiff relies upon Louisiana Public Service Commission v. Morgan's Co., 264 U. S. 393, 44 S. Ct. 358, 68 L. Ed. 756. There the court held that the Louisiana Constitution of 1921 did not invest the state Public Service Commission with such control over streets within New Orleans that it might compel a railroad company to repair and keep up a street viaduct constructed over its tracks by the city, under a contract which granted that right to the city without expropriation or compensation, upon the express condition that the city should pay the cost of the erection and subsequent maintenance of the viaduct. The bill alleged that the order was beyond the power of the commission, but that, if within such power enforcement would deprive the company of property without due process of law, contrary to the Constitution, the court held that the allegations were sufficient to bring the controversy within the jurisdiction of the court. The commission was acting as and for the state, and its act was the act of the state. If the present bill contained an averment that the ordinance of the city of East St. Louis was not authorized, but that, if authorized, it was of such character as to amount to confiscation, the cases would be parallel.

Plaintiff relies also upon Portland Co. v. Portland (D. C.) 210 F. 667. In the opinion of this court the conclusion there cannot be reconciled with the reasoning of the Supreme Court in the various cases before it.

The present question seems to resolve itself in this: Before an agency of the state can be said to be acting for the state, there must be a law granting it power to act. If there is no such law, the act is wholly void, and cannot be attacked as an act of the state, but must be invalidated by decision of the state tribunal. The plaintiff says in its brief: "Here we have an actual threatened destruction of valuable property with consequent large losses of revenue; and the act by which this is to be done is charged by the bill to be without legislative sanction and to be in violation of law and the rights of complainant." It follows that, on the bill made by plaintiff, there being no legislative sanction, the act of the city is wholly void, and it would be the duty of a state court so to adjudicate in a proper proceeding. The mere fact that the City and Village Acts, under which the city of East St. Louis acted, and which the plaintiff says are repealed, are still published in the statute book, does not affect the jurisdiction of the court in view of the allegation that the acts have been repealed and that the ordinance is void because of that fact.

It appearing that there is no ground for jurisdiction, the motion to dismiss must be allowed at the cost of the plaintiff. However, in view of the danger of irreparable injury to plaintiff should the injunction be dissolved and the lack of damage to defendant should it be retained in force, if plaintiff shall desire to appeal from the order of this court, the supersedeas to be granted may provide that the injunction heretofore granted, may remain in force until determination of the appeal by the proper court of review.

Decree may be submitted.