## COGSWELL v. BOARD OF LEVEE COM'RS OF ORLEANS LEVEE DIST. et al.
### No. 10704.

Circuit Court of Appeals, Fifth Circuit.

May 18, 1944.

Benjamin M. Goodman and David Gertler, both of New Orleans, La., for appellant.

Francis P. Burns, Walter B. Hamlin, Severn T. Darden, and Harry McCall, all of New Orleans, La., for appellees.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This suit was brought by appellant against the Board of Levee Commissioners of the Orleans Levee District, the Texas & New Orleans Railroad Company,

---

[7] See House Report supra at p. 52.

and the City of New Orleans, to secure (1) a mandatory injunction requiring said defendants to restore North Peters Street in the City of New Orleans as a paved thoroughfare, and (2) a money judgment against said defendants, jointly and in solido, in the sum of $30,000, as damages for wrongfully depriving appellant of the use of the street and rentals from her property abutting thereon. This appeal is from a judgment dismissing the suit for lack of jurisdiction.

The asserted cause of action arises from these alleged facts: North Peters Street was dedicated to public use prior to 1865, was made into a paved thoroughfare, and was used by the public as such. Appellant owned property fronting on the street; on the opposite side was built a levee that confined the waters of the Mississippi River, and the defendant Railroad Company operated switch tracks on or at the base of the levee. Several years prior to the institution of the suit the Board of Levee Commissioners of the Orleans Levee District, an agency of the State of Louisiana, determined that the levee should be reconstructed. It was not necessary that North Peters Street should be used for such purpose, but the Levee Commissioners, after negotiations with and for the accommodation and convenience of the defendant Railroad, determined that the base of the levee should occupy a sufficient portion of the street to enable the Railroad to build tracks thereon. The City of New Orleans aided in the undertaking, and adopted an ordinance granting to the Railroad the right to occupy a portion of the street and maintain a switch track thereon.

The changes effected pursuant to these arrangements closed North Peters Street to all vehicular traffic, shut off ingress and egress to and from appellant's property, and deprived appellant of valuable rights therein. It was also alleged that appellant considered erecting improvements upon her property that would have yielded a, monthly rental of $200, and that she de-sisted from so doing because the appropriation of North Peters Street denied access to the property.

The complaint bases federal jurisdiction upon the existence of a federal question, alleging that appellant's property was taken from her without due process of law in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States, and that the requisite jurisdictional amount is in controversy.

■■ The Fifth Amendment is a limitation upon the powers of the United States, and it is not charged that any act on its part caused injury to appellant; manifestly no federal question is presented with respect thereto. It also appears that the relief sought has been cut off, in whole or in part, by Louisiana statutes of prescription,[1] since the property right was taken in 1926 and this suit was not instituted until January 18, 1943. It is, therefore, doubtful whether an amount essential to federal jurisdiction is involved. It is also pointed out that the Fourteenth Amendment applies only to states and agencies acting for and pursuant to authority from the state, whereas the Railroad Company, joined as a party defendant, is not in any wise a state agency. In order for jurisdiction to exist on the ground of a federal question, the federal question must be an essential element of plaintiff's cause of action and must form an integral part of the case.[2]

■■ Aside from these considerations, a case does not arise under the Constitution of the United States so as to present a federal question upon which jurisdiction may attach unless it presents a basic dispute as to the construction of the Federal Constitution, and the right or immunity asserted is such that it will be supported if the Constitution is given one construction, and defeated if given another.[3] This suit is not one to enforce the payment of just compensation for property taken by the state in the exercise of its sovereign

[1] Heirs of Burney v. Ludeling, 47 La. Ann. 73, 16 So. 507; Sims v. New Orleans Ry. & Light Co., 134 La. 897, 64 So. 823; Dean v. Chicago R. I., etc., R. Co., 149 La. 529, 89 So. 683; Art. 3536 of the Louisiana Civil Code.

[2] Cf. Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205; Armstrong v. Alliance Trust Co., 5 Cir., 126 F.2d 164; Dobie on Federal Procedure, pages 164, et seq.

[3] Cohens v. Commonwealth of Virginia, 6 Wheat. 264, 5 L.Ed. 257; Starin v. City of New York, 115 U.S. 248, 6 S.Ct. 28, 29 L.Ed. 388; King County v. Seattle School District, 263 U.S. 361, 44 S.Ct. 127, 68 L.Ed. 339; Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Armstrong v. Alliance Trust Co., 5 Cir., 126 F.2d 164.

power of eminent domain; it is a suit for an injunction and damages arising from the unauthorized acts of state agencies in excess of authority vested in them by the state.

The essence of the cause of action is that the property was taken for the private benefit of the Railroad Company, not for levee purposes designed to benefit the public. It is not contended that by statute or otherwise the state conferred unconstitutional power upon its agents pursuant to which this appellant was wrongfully deprived of a property right, but that the injustice to her resulted from acts of the agencies in excess of any authority conferred upon them.

As the issues are drawn by the pleadings, the decisive question on the merits is whether the appropriation of the street was for levee purposes (a public use) or for the private benefit of the Railroad Company. This issue involves no construction of the Federal Constitution, but only the determination of a question of fact. The court below was without jurisdiction to entertain this suit,[4] and the judgment appealed from is affirmed.

4 Mayor, etc., of City of Savannah v. Holst, 5 Cir., 132 F. 901. Cf. Muse v. Arlington Hotel Co., 168 U.S. 430, 18 S. Ct. 109, 42 L.Ed. 531; McCain v. City of Des Moines, 174 U.S. 168, 19 S.Ct. 644, 43 L.Ed. 936; Barney v. City of New York, 193 U.S. 430, 24 S.Ct. 502, 48 L.Ed. 737.