Mark P. ESSLING, a minor and Edward J. Essling, a minor by James Essling, their father and natural guardian, Plaintiffs,

v.

Richard L. BRUBACKER, Commissioner of Administration of Minnesota, Defendant.

No. 3–71–Civ–201.

United States District Court,
D. Minnesota,
Third Division.

Nov. 12, 1971.

David Essling, St. Paul, Minn., for plaintiffs.

Warren Spannaus, Atty. Gen. of Minnesota and Wayne H. Olson, Sp. Counsel, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

This is an action brought on behalf of two minor children who are citizens and residents of the United States and of the State of Minnesota and students in the public schools of the state and on behalf of 930,000 public school children of

Minnesota similarly situated.[1] Plaintiffs seek a declaration that the acts of defendant, in allegedly attempting to effect a donation and gift of "school trust lands" to the United States for use in the proposed Voyageurs National Park constitute a breach of the trust agreement between the United States and the State of Minnesota and a violation of specific statutes of the United States.[2]

Defendant has moved to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that the court lacks subject matter jurisdiction.[3]

■■ It is well settled that the jurisdiction of a federal court must be made to appear affirmatively, Scroggin Farms Corp. v. McFadden, 165 F.2d 10 (8th Cir. 1948), and where the jurisdiction is challenged, plaintiff has the burden of proving its existence. Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); Reese v. Holm, 31 F.Supp. 435 (D.Minn.1950). Plaintiffs here have failed to meet this burden.

■ In order for jurisdiction to be properly based on the existence of a "federal question" that question must constitute an essential element of plaintiff's cause of action and form an integral part of his case. Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56

L.Ed. 1205 (1912); Cogswell v. Board of Levee Comr's, 142 F.2d 750 (5th Cir. 1944). The question must be real and substantial and not conjectural. Koll v. Wayzata State Bank, 397 F.2d 124 (8th Cir. 1968). It is not enough that the question of federal law be merely lurking in the background. Stanturf v. Sipes, 335 F.2d 224 (8th Cir. 1964), cert. denied, 379 U.S. 977, 85 S.Ct. 676, 13 L.Ed.2d 567 (1965); Martin v. Graybar Electric Co., 285 F.2d 619 (7th Cir. 1961).

■ The plaintiffs have not shown the presence of a substantive right or legal interest derived from federal law. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), (Opinion of Mr. Justice Harlan). Here it cannot be said that the right of plaintiffs to recover depends on the construction to be given the Constitution or laws of the United States. Wheeldin v. Wheeler, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963); Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). The case upon which plaintiffs most heavily rely, Lassen v. Arizona, 385 U.S. 458, 87 S.Ct. 584, 17 L.Ed.2d 515 (1967) does not provide authority in support of the jurisdiction claims.[4]

1. Defendant is the Commissioner of Administration for the State of Minnesota and is charged with authority to acquire and possess the lands in question.

2. The specific statutes plaintiff uses as his basis for asserting jurisdiction include the Minnesota Organic Act, 9 U.S.Stat. 403 (1849), the Minnesota Enabling Act, 11 U.S.Stat. 166 (1857), and the Minnesota Admission Act, 11 U.S.Stat. 285 (1858).

3. Plaintiff seeks to predicate jurisdiction upon 28 U.S.C. § 1331 which provides, "The district courts shall have original jurisdiction of all civil actions . . . and arises under the Constitution, laws, or treaties of the United States." Defendant urges that the complaint also fails to show the existence of an actual controversy between the parties; that the plain-

tiff has no capacity to sue, and that the action is premature. In light of the determination that the court lacks subject matter jurisdiction, it is not necessary to reach a decision on these issues.

4. Lassen was commenced as an original proceeding before the Arizona Supreme Court, not in the federal courts. In granting certiorari to review the decision, the Court stated, "We brought this case here because of the importance of the issues presented both to the United States and to the States . . . ." Lassen, at 586. A further distinction is possible. Unlike the Minnesota Enabling Act, the enabling act involved in Lassen contained detailed provisions as to the manner of disposal of the trust lands and expressly required the Attorney General of the U.S. to maintain whatever pro-

Defendant's motion to dismiss the action for lack of subject matter jurisdiction is granted.[5]

ceedings might be necessary to enforce its terms. *Lassen,* at 585.

5. Plaintiffs here are not left without a forum. Although they still may be faced with the argument that there are not adverse interests presented here, the state courts are available.