**HARMONY NURSING HOME, INC.,**
Plaintiff,

v.

**Wendell ANDERSON, Governor of the State of Minnesota, et al.,**
Defendants.

No. 3–72–Civ.–80.

United States District Court,
D. Minnesota,
Third Division.

April 27, 1972.

Broeker, Bachman & Heetland, R. Walter Bachman, Jr., Bloomington, Minn., for plaintiff.

Warren Spannaus, Atty. Gen. of Minn., Curtis D. Forslund, Sol. Gen., and Frank W. Levin, Special Asst. Atty. Gen., St. Paul, Minn., for defendants.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Three issues are before the court at this time. These issues concern subject matter jurisdiction, standing of the plaintiff to bring the action, and the propriety of a preliminary injunction. The action is brought under 28 U.S.C. §§ 2201 & 2202 with jurisdiction based upon 28 U.S.C. § 1331(a). Plaintiff seeks damages as well as declaratory and injunctive relief.

## FINDING OF FACTS

The facts bearing on plaintiff's motion for a preliminary injunction are for the most part uncontroverted. Plaintiff is a skilled nursing home operating within the Medicaid program of Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq. The State of Minnesota participates in the program and has submitted a state plan to the United States Department of Health, Education and Welfare as required by 42 U.S.C. § 1396a(a). This plan has been approved by HEW under 42 U.S.C. § 1396a(b).

Although the state plan provides for payments to those supplying skilled nursing home services based upon the "reasonable costs" of these services as this is defined in the plan, it appears that defendants have not made such payments to plaintiff. It further appears that defendants, without the prior ap-

proval of HEW, have imposed a "freeze" upon the rates of payment to those facilities providing care to the public assistance beneficiaries under the program.[1] This freeze has been imposed in an apparent attempt to keep from exceeding the amount appropriated for the Medicaid program by the state legislature.[2] Plaintiff alleges that as a result of defendants' actions it has suffered irreparable injury and has been forced to withdraw from the Title XIX program effective April 1, 1972.[3]

## CONCLUSIONS OF LAW

It is plaintiff's position that defendants' refusal to pay either the "reasonable costs" or "reasonable charges" of providing public assistance under Title XIX constitutes a violation of, *inter alia*, 42 U.S.C. §§ 1396a(a) (1), 1396a(a) (2), and 1396b(e), as well as 42 U.S.C. § 1396a(a) (23).[4]

Plaintiff claims that since defendants' actions have been taken in reliance upon state law, this state law, insofar as it is in conflict with the provisions of the Social Security Act, must fall, under the Supremacy Clause of the United States Constitution.

■ Jurisdiction under 28 U.S.C. § 1331 is clearly established. Bass v. Rockefeller, 331 F.Supp. 945 (S.D.N.Y. 1971). The action arises under the laws of the United States; Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205 (1912); Koll v. Wayzata State Bank, 397 F.2d 124 (8th Cir. 1968); Stanturf v. Sipes, 335 F.2d 224 (8th Cir. 1964), cert. denied, 379 U.S. 977, 85 S.Ct. 676, 13 L.Ed.2d 567 (1965); Cogswell v. Board of Levee Comr's, 142 F.2d 750 (5th Cir. 1944); and it appears that the amount in controversy is in ex-

---

1. Although defendants have not directly admitted the existence of such a freeze, neither have they denied it. Affidavits filed in support of plaintiff's motion here allege that such a freeze does in fact exist.

2. The state statutes involved here include M.S.A. § 10.17 and Minnesota Laws, 1971, Chapter 961, § 2, subd. 10.

3. Plaintiff's Memorandum of Law in Support of its Motion for Preliminary Injunction, at 3.

4. These sections relate to the state plan, §§ 1396a(a) (1) & § 1396a(a) (2); payment under the plan, § 1396b(e); and the so called "free choice of vendor" requirement, § 1396a(a) (23).

cess of $10,000. Since the attack upon the state statute is based on the supremacy clause, a three-judge court is not required. Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965).

■. Although defendants strongly contest the issue, plaintiff has shown the requisite personal stake in the outcome of the controversy and has alleged sufficient injury in fact to establish its standing to bring this action. Association of Data Processing Service Org., Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). But plaintiff has not made showing sufficient to justify the issuance of a preliminary injunction.

■ A motion for injunctive relief is addressed to the sound discretion of the court and should not be granted absent a strong showing of need by the plaintiff. E. W. Bliss Co. v. Struthers-Dunn Inc., 408 F.2d 1108 (8th Cir. 1969); American Metropolitan Enterprises of New York, Inc. v. Warner Bros. Records, Inc., 389 F.2d 903 (2d Cir. 1968). Injunctive relief is aimed at the prevention of irreparable future harm. Sellers v. Regents of University of California, 432 F.2d 493 (9th Cir. 1970), cert. denied, 401 U.S. 981, 91 S.Ct. 1194, 28 L.Ed.2d 333 (1971). The court in passing upon such a motion must consider four factors: (1) the probability that the plaintiff will eventually succeed on the merits; (2) the possibility or presence of immediate and irreparable

injury to the plaintiff; (3) the possibility of injury to the defendant; and (4) the public interest in the granting of the preliminary injunction. Van Hoven Co. v. Stans, 319 F.Supp. 180 (D.Minn.1970). Here although there is a probability that plaintiff may eventually succeed on the merits, I cannot say that plaintiff has shown the presence or possibility of immediate and irreparable injury. Plaintiff no longer participates in the Medicaid program. This alone renders it difficult to see how future harm might be prevented by the issuance of a preliminary injunction. As to any damages plaintiff may have suffered to date, the remedy at law seems adequate.

The court is not insensitive to the fact that plaintiff is supplying medical and nursing care to a number of elderly patients. As reflected in the affidavit of Doctor Robert Nelson, filed in support of plaintiff's motion, it appears that interference with the continued care of at least one patient at the facility could have adverse effects on the health of that patient. But here plaintiff has indicated that it has withdrawn from the skilled nursing home program. It thus seems that regardless of whether or not the court issues a preliminary injunction, it will be necessary to transfer some patients from plaintiff's facility.

Therefore, since the court finds that plaintiff has not shown the presence of immediate and irreparable injury, it is ordered that plaintiff's motion for a preliminary injunction be, and hereby is,

Denied[5]

---

5. Since the court finds that plaintiff has not made sufficient showing of irreparable harm to justify the issuance of a preliminary injunction, it makes no finding as to the effect such an injunction might have upon defendants. Although it would appear that such an injunction could possibly result in administrative and budgetary disruption among defendant agencies, defendants have submitted no affidavits in regard to this and such a finding is not necessary to the disposition of plaintiff's motion.